798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis SMITH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3113.
 United States Court of Appeals,
Sixth Circuit.
 July 15, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the district court's affirmance of the denial of the Secretary of the Department of Health and Human Services (Secretary) of social security benefits. Since we conclude as did the district judge that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Plaintiff is 54 years old and worked as a construction laborer from 1966 until 1981. He has a fifth grade education. The event to which plaintiff traces his medical problems occurred in 1973 when a bank of dirt fell in on plaintiff while he was in a ditch. This work-related accident resulted in injury to plaintiff's lower back, right shoulder, and ribs. Plaintiff was treated for his injuries and returned to work.
 
 
 3
 In 1980 plaintiff entered the Euclid Clinic complaining of hip and back pain. It is undisputed that the medical evidence establishes that plaintiff suffers from post traumatic injury to the lower back and right shoulder with chronic low back pain syndrome. There is no evidence of radiculopathy, however. These impairments alone or in combination do not meet or equal in severity those listed at 20 C.F.R. Sec. 404, 1.05(C) of the Listing of Impairments, Appendix 1, Subpart P. Thus, plaintiff's impairments although severe are not such as to declare him disabled under the Act on this basis alone.
 
 
 4
 Since it is also undisputed that plaintiff cannot perform his past relevant work, the inquiry next focuses on what residual functional capacity for work, if any, the plaintiff still maintains. The administrative law judge (ALJ) concluded that plaintiff maintained the residual functional capacity to perform something between medium and heavy work. If this conclusion is supported by substantial evidence, then the grids direct that plaintiff is not disabled.[1]
 
 
 5
 20 C.F.R. Sec. 404.1567 describes light and medium work:
 
 
 6
 (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
 
 
 7
 (c) Medium work involves lifting no more that 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.
 
 
 8
 Since the grids direct a finding of not disabled, if plaintiff has the residual functional capacity to perform either light or medium work we need only consider his capacity to do light work.
 
 
 9
 The medical records indicate that there is evidence of degenerative disc disease but no spondylolisthesis or abnormalities at the sacrum or sacroiliac joints. There is also no evidence of spinal stenosis or disc herniations. Although there was lower back tenderness no muscle weakness was noted. Plaintiff was negative bilaterally for both Babinski and Hoffman tests and was normal on gross sensory examination. Pain was produced on left straight leg raising at 35 degrees but was negative on the right at 70 degrees. Insofar as the upper extremities were concerned there was no muscle weakness and range of motion was good. Probable tendonitis of the right shoulder was listed.
 
 
 10
 Insofar as plaintiff's day-to-day activities are concerned, he testified that he takes care of his apartment himself, doing the dusting, cleaning, and vacuuming, and he tends a small garden. His usual days include rest, watching television, visiting the children across the street, and once or twice a week visiting friends. He also visited his mother in Georgia within the last year. He also testified he could probably lift up to 20 pounds. In evaluating these activities, it should be noted that plaintiff is divorced and lives alone.
 
 
 11
 It is clear from the hearing record that plaintiff's alleged inability to engage in any substantial gainful activity stems primarily from allegations of pain.
 
 
 12
 The proper standard for evaluating pain is now statutorily provided for as a result of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 99-460, Sec. 3 (enacted October 9, 1984). Section 3(a)(1) which amends section 223(d)(5) of the Social Security, Act, 42 U.S.C. Sec. 423(d)(5),
 
 
 13
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which would reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 14
 The 1984 amendments make it clear that there must be objective medical evidence showing the existence of a physical impairment which could reasonably be expected to produce the pain. Here, there was some objective medical evidence to support complaints of pain, but it was not in and of itself sufficient to support a finding of disablement. Although the severity of alleged pain may be measured by statements from a claimant or his physician, these statements must be consistent with the objective medical evidence of record. We agree with the ALJ's conclusion that such was not the case here.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Plaintiff agrees the grids would literally direct such a finding but argues they should not be applied "mechanically." Although each case must be decided on its own peculiar facts, the very purpose of the promulgation of the grids by the Secretary is to try to lend some air of objectivity to a process that by nature is highly subjective. Suffice it to say in this case we find no extenuating circumstances which suggest that the grids should not be applied as promulgated